## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HGS GLOBAL SPECIALTY SE f/k/a INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE** | **NO. 20-1670 SECTION: L JUDGE FALLON MAG. JUDGE CURRAULT** |
| **VERSUS** | |
| **LAKEVIEW CONSTRUCTION & DEVELOPMENT, L.L.C., ET AL.** | |

## ORDER AND REASONS

Before the Court is Defendants 111 Audubon Street, L.L.C., Catherine MacPhaille, and Jame MacPhaille's Motion to Dismiss on Grounds of Abstention or in the Alternative Motion to Stay, R. Doc. 11, later adopted by Defendant Lakeview Construction by motion on September 10, 2020, R. Doc. 17. On September 18, 2020, Plaintiff HGS filed an opposition to Defendants' motion, R. Doc. 18. Defendants filed a reply on October 1, 2020, R. Doc. 23.

### I.   BACKGROUND

Plaintiff HGS Global Specialty SE ("HGS") filed this action for declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure against Defendants Lakeview Construction & Development, L.L.C. ("Lakeview"), 111 Audubon Street, L.L.C. ("111 Audubon"), and Catherine MacPhaille, and James MacPhaille in their individual capacity as members of 111 Audubon. R. Doc. 1. Plaintiff requests that the Court determine the application and interpretation of various insurance policies issued by HGS. *Id.* at 1. HGS is a foreign insurance company domiciled in Hanover, Germany and authorized to do business in Louisiana. *Id.* at 2. Defendant 111 Audubon is a limited liability company organized under the laws of Louisiana, and

defendants James MacPhaille and Catherine MacPhaille are domiciled in Louisiana and the managers and sole members of 111 Audubon. R. Doc. 14.

The precipitant to the present action is an underlying lawsuit filed on or about September 17, 2019 by the 111 Audubon Condominium Association, Inc. (the "Association") against Lakeview, Catherine MacPhaille, and James MacPhaille. R. Doc. 11-1. The lawsuit was brought in the Civil District Court for the Parish of Orleans, Louisiana under the case entitled *111 Audubon Condominium Association, Inc. v. Lakeview Construction & Development L.L.C., et al.* (the "Condominium Lawsuit"). R. Doc. 1; R. Doc. 11-1. The suit alleges that 111 Audubon and Lakeview entered into a contract to construct a residential condominium building at 111 Audubon Street in New Orleans, Louisiana. *Id.* at 4-5. The Association alleges that it discovered defects in Lakeview's construction and design of the building and asserts claims involving negligence, breach of warranty, encroachment, and failure to obtain servitudes. *Id.* The Association further alleges claims of fraud and alter ego in connection with the actions of James and Catherine MacPhaille throughout the course of the construction project. *Id.* at 5-6.

The Plaintiff in the present case, HGS, issued a Comprehensive General Liability insurance policy to Defendant Lakeview Construction, effective from March 26, 2019 to March 26, 2020 (the "HGS Policy"). *Id.* at 3; R. Doc. 14 at 2. The HGS Policy extends conditional coverage to Defendant 111 Audubon through an Additional Insured endorsement. R. Doc. 1 at 3-4. HGS asserts that the HGS Policy sets forth the parties' duties in the event of an occurrence, offense, claim, or suit. *Id.* at 16. HGS asserts that because the allegedly defective work was completed in 2017, the Policy or Work Exclusion section of the policy excludes coverage for the claims against Lakeview and 111 Audubon in the Condominium Lawsuit. *Id.* at 17. HGS avers that because 111 Audubon is not designated in Section 2 of the Policy, the policy does not extend coverage to James

MacPhaille or Catherine MacPhaille in their individual capacities as members of 111 Audubon. *Id*. Thus, in May 2020, HGS denied coverage to the MacPhailles and refused to defend them in the state court lawsuit. *Id.* In the instant case, HGS seeks judgment declaring it has no obligation to provide Defendants with a legal defense or to indemnify the Defendants in connection with the underlying Condominium Lawsuit. R. Doc. 1 at 18.

Defendants, on the other hand, assert that HGS also issued a full reservation of rights relating to 111 Audubon and the Condominium Lawsuit. R. Doc. 11-1; R. Doc. 18. Defendants claim they asked HGS to reconsider this denial of coverage, to which HGS responded by filing suit before this Court. *Id.* In their answer to the complaint, Defendants deny HGS' allegations and assert the following affirmative defenses: (1) HGS fails to state a cause of action upon which relief can be granted in its Complaint; (2) HGS's Complaint is barred by the doctrines of estoppel, laches and/or waiver; (3) the Complaint is barred due to the absence of any legitimate controversy; (4) lack of jurisdiction over the subject matter and/or improper venue; (5) HGS lacks standing to assert the claims or raise the issues in the Complaint; and (6) the Complaint should be dismissed and/or stayed because a related state proceeding is pending. R. Doc. 14 at 7.

## II.   PRESENT MOTION

In the present motion, Defendants seek to dismiss this action on the grounds of abstention pursuant to *Brillhart v. Express Insurance Co.* and *St. Paul Insurance Co. v. Trejo*, or in the alternative, to stay the proceedings. R. Doc. 11-1 at 1 (citing 316 U.S. 491 (1942); 39 F.3d 585 (5th Cir. 1994)). Defendants assert that this declaratory action pertains to one of several policies at issue in the Condominium Lawsuit and involves issues of state law. *Id.* at 3. Defendants request that this Court abstain from further action while the coverage issues are adjudicated in the Civil District Court to "avoid piecemeal litigation and promotion of forum shopping." *Id.* at 4.

Defendants assert that under the Declaratory Judgment Act, a court's exercise of jurisdiction is discretionary, and this Court should decline to exercise jurisdiction due to the similar pending state court litigation. *Id.* at 4-5. Additionally, Defendants claim that the instant suit will have a preclusive effect on the state court proceedings. *Id.* Defendants conclude that dismissal is proper based on federalism, fairness, and judicial efficiency under *Brillhart* and *Trejo. Id.* at 6-9.

In opposition, HGS asserts the Condominium Lawsuit should not prevent the present litigation before this Court. R. Doc. 18 at 4. HGS claims that this Court has the authority to grant declaratory relief here because it does not meet the mandatory abstention test promulgated by the Fifth Circuit in *Travelers Ins. Co. v. La. Farm Bureau Fed'n*: "(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state court proceedings under the Anti-Injunction Act." *Id.* at 5-6 (citing 996 F. 2d 774, 776 (5th Cir. 1993)). HGS points out that it was not an original defendant in the Condominium Lawsuit and was added as a third-party defendant by the MacPhailles only *after* it initiated the present declaratory judgment action. *Id.* at 3. HGS claims that it is currently defending Lakeview and 111 Audubon in the Condominium Lawsuit but declined to defend the MacPhailles. *Id.* Moreover, HGS contends that the Association never amended its pleadings to name HGS as a direct defendant in the Condominium Lawsuit. *Id.* at 3-4. Thus, HGS argues that mandatory abstention is not required by this Court. *Id.*

Next, HGS asserts that *Colorado River Water Conservation District v. United States*, rather than *Brillhart* and *Trejo*, is the appropriate abstention standard in this case because HGS seeks coercive relief in addition to a declaration of rights. *Id.* 6-7. HGS asserts that as a threshold issue, the present action and the Condominium Lawsuit are not parallel actions that warrant *Colorado*

*River* consideration because there is no declaratory action pending in state court and the parties and issues are not identical. *Id.* HGS argues that even if the Court finds that this lawsuit is a parallel action, the *Colorado River* factors weigh against abstention. *Id.* at 8-9. HGS contends that the current forum is not inconvenient, neither court has assumed jurisdiction over property, and there will be no piecemeal litigation by retaining jurisdiction over this lawsuit. *Id.* HGS claims that this was the "first-filed case regarding the coverage issues and neither proceeding has progressed very far" and that "the prevention of duplicative litigation is not a factor to be considered" under *Colorado River*. *Id.* at 9. Further, HGS asserts that if the Court finds that *Brillhart* is the appropriate abstention standard, five of the seven factors weigh against abstention. *Id.* at 10-19. In conclusion, HGS requests that the Court deny Defendants' motion and exercise jurisdiction over this case. *Id.* at 19.

## III.    APPLICABLE LAW

In *Brillhart*, the Supreme Court held that a district court entertaining a declaratory action "should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the state court." 316 U.S. at 495. The Fifth Circuit employs seven nonexclusive factors for this purpose, which it first fashioned in *St. Paul Ins. Co. v. Trejo*. These factors are:

> 1) Whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses,... 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and [7) ] whether the federal court is being called on to construe a state judicial decree....

*Trejo*, 39 F.3d at 590–91 (internal citations omitted). At the heart of *Brillhart* abstention is whether a federal suit "can be better settled in the state court." *Brillhart*, 316 U.S. at 495. The Fifth Circuit

later fleshed out this principle by holding that a district court considering a declaratory judgment action "must engage in a three-step inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The "district court must determine: (1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant the declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003). *Brillhart* applies when a declaratory judgment action is at issue. *Orrix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). However, "it is well settled in this circuit, that a declaratory action that also seeks coercive relief is analyzed under the Colorado River standard." *New England Ins. Co. v. Barnett*, 561 F.3d 392, 397 (5th Cir. 2009).

The Supreme Court in *Colorado River* explained that federal district courts have a "virtually unflagging obligation...to exercise the jurisdiction given them." 424 U.S. at 817. *Colorado River* also created an abstention doctrine by which federal courts may abstain from hearing cases under "exceptional circumstances where [abstention] would clearly serve an important countervailing interest." *Id.* at 813 (internal quotations omitted). The opinion created general categories when abstention is appropriate, including one concerned with "contemporaneous exercise of concurrent jurisdictions, either by federal courts or by federal and state courts." *Id.* at 817. Specifically, the Court held that abstention might be proper out of respect for "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

To determine whether circumstances permit staying a federal claim due to the presence of a concurrent state proceeding for reasons of wise judicial administration, the "threshold issue" is whether the two actions are "parallel." *St. Clair v. Wertzberger*, 637 F. Supp. 2d 251, 255 (D. N.J.

2009). "[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *Id.* (citing *IFC Interconsult, AG v. Safeguard Intern. Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006)). Furthermore, the Court created a six factor test, stated concisely in *St. Clair*: "(1) which court first assumed jurisdiction over a relevant res, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights." *Id.*; *see also Colorado River*, 424 U.S. at 818-19.

## IV.   DISCUSSION

After full review of the record, including HGS's original complaint for declaratory relief, the Court finds that HGS's request for monetary or coercive relief is secondary to the declaration of rights that it seeks. *See* R. Doc. 1 at 18. Therefore, *Brillhart* is the appropriate abstention doctrine to consider in the instant case. The Court concludes that the *Trejo* factors weigh in favor of abstention, and that the instant lawsuit "can be better settled in the state court." *Brillhart*, 316 U.S. at 495. For example, the Court is unconvinced that HGS did not anticipate being involved in the Condominium Lawsuit and that it did not engage in forum shopping by filing the instant declaratory action. Most importantly, the claims at issue in this action involve contract interpretation, which is the province of state courts. The Court finds that even if this matter is analyzed under *Colorado River*, the determinative factors of that case also support abstention.

## V.   CONCLUSION

The Court concludes that it should exercise its discretionary power to abstain from presiding over the present lawsuit and stay the case until the underlying Condominium Lawsuit in state court is resolved. Accordingly;

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss on Grounds of Abstention or in the Alternative Motion to Stay, R. Doc. 11, is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** with respect to Defendants' request that the Court dismiss this action. The motion is **GRANTED** with respect to Defendants' alternative request that the Court stay this case pending resolution of the proceedings in *111 Audubon Condominium Association, Inc. v. Lakeview Construction & Development L.L.C., et al.* in the Civil District Court of New Orleans. This action is hereby stayed, and the Court will monitor these proceedings and convene a status conference with the parties in February 2021.

New Orleans, Louisiana, this 5th day of November 2020.

_____

UNITED STATES DISTRICT JUDGE